UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SUSAN PARRILLO, individually and on behalf of all others similarly situated,<br><br>                                              Plaintiffs,<br><br>- against -<br><br>TAMMAC HOLDINGS CORPORATION,<br><br>                                              Defendant. | **COLLECTIVE ACTION COMPLAINT**<br>Case No.: 5:20-CV-0583 (FJS/TWD) |

Plaintiffs, on behalf of the putative class, by their attorneys, Gattuso & Ciotoli, PLLC and Virginia & Ambinder, LLP, for their Complaint against Defendants, allege as follows:

**PRELIMINARY STATEMENT**

1. This action is brought pursuant to the Fair Labor Standards Act (hereinafter referred to as "FLSA"), 29 U.S.C. §§ 207, and 216(b); New York Labor Law § 190 *et seq.*; New York Labor Law §§ 663 and 650 *et seq.*; and 12 New York Codes, Rules, and Regulations (hereinafter referred to as "NYCRR") §§ 146-1.4 and 146-1.6 to recover overtime compensation, spread of hours compensation, and damages arising from record-keeping violations on behalf of the Named Plaintiff as to the claims under the Fair Labor Standards Act and New York Law and on behalf of a putative collective of individuals pursuant to the Fair Labor Standards Act who performed work as "Field Representatives," "Field Collection Specialists" and other collections and repossession positions both in the field or in the office (collectively, "Collections Employees") in furtherance of Defendant Tammac Holdings Corporation (hereinafter referred to as "Tammac")'s mortgage lending business, to recover wages and benefits that Plaintiff and the members of the putative class were contractually entitled to receive for work they performed for Defendant.

2.     Beginning in approximately April 2014 and continuing through the present, Defendant engaged in a policy and practice of requiring their Field Representatives and/or Field Collection Specialists to regularly work in excess of forty (40) hours per week, without providing overtime compensation, as required by applicable Federal and State law.

3.     Beginning in approximately 2014 and continuing through the present, Defendant engaged in a policy and practice of requiring employees engaged in various collections and repossession duties in the office to regularly work in excess of forty (40) hours per week, without providing overtime compensation, as required by applicable Federal and New York State law.

4.     Beginning in approximately April 2014, Defendant engaged in a policy and practice of failing to provide the Named Plaintiff with wage notices and wage statements in Plaintiffs' primary language, as required by applicable New York State law.

5.     Beginning in approximately April 2014 and continuing through the present, Defendants engaged in a policy and practice of failing to pay "spread of hours" compensation as required by applicable New York State law.

6.     The Named Plaintiff, on behalf of herself as to the New York State law claims and on behalf of all other similarly situated individuals as to the FLSA claims, has initiated this action seeking all compensation, including unpaid overtime compensation and spread of hours compensation they were deprived of, plus interest, damages, attorneys' fees, and costs.

**THE PARTIES**

7.     Named Plaintiff Susan Parrillo is a citizen of the State of New York and has been employed by Defendant as a Field Representative or Field Collection Specialist since approximately 1996 until March of 2020.

8. Members of the putative class are citizens of various states who have been employed by Defendant as Collections Employees at various locations within the United States at all times between April of 2017 and the present.

9. Upon information and belief, Defendant Tammac is a foreign business corporation organized and existing under the laws of the State of Delaware and with a principal place of business at 100 Commerce Boulevard, Wilkes-Barre, Pennsylvania, 18702, and is a citizen of the State of Delaware and the Commonwealth of Pennsylvania.

## JURISDICTION

10. Jurisdiction of this Court is invoked pursuant to FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. §§ 1331 and 1337. This court also has supplemental jurisdiction under 28 U.S.C. § 1367 of the claims brought under the New York Labor Law.

## VENUE

11. Venue for this action in the Northern District of New York under 28 U.S.C. § 1391(b) is appropriate because a substantial part of the events or omissions giving rise to the claims occurred in the Northern District of New York.

## FLSA COLLECTIVE ACTION AND RULE 23 CLASS ALLEGATIONS

12. This action is properly maintainable as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b).

13. This action is brought on behalf of the Named Plaintiff and a collective consisting of similarly situated employees who performed work for Defendant as Field Representatives, Field Collection Specialists, or in similar related titles, that involved travelling to visit and take pictures of homes that were to be put into foreclosure, carrying and climbing ladders to access

the interior of homes, crawling underneath homes, changing door locks on homes, locking up vacant homes, collecting payments from homeowners, preparing property condition reports with photographs for collections and repossession employees in Defendant's office, and other similar related tasks, and those employees engaged in collections and repossession duties in the office in furtherance of Defendant's mortgage lending business.

14. The putative collective is so numerous that joinder of all members is impracticable. The size of the putative class is believed to be in excess of 40 employees. In addition, the names of all potential members of the putative class are not known.

15. The questions of law and fact common to the putative class predominate over any questions affecting only individual members. These questions of law and fact include, but are not limited to, whether the Defendant failed to pay overtime wages, at the rate of one and one half times the regular rate of pay, for all putative collective members; and whether Defendant was entitled to the use of any exemptions from the FLSA's requirement that overtime wages be paid.

16. The claims of the Named Plaintiff are typical of the claims of the putative class. The Named Plaintiff and putative class were all subject to Defendants' policies and willful practices of failing to pay overtime wages, at the rate of one and one half times the regular rate of pay, for all hours worked in excess of forty (40) hours in any given week.

17. The Named Plaintiff and her counsel will fairly and adequately protect the interests of the putative class. The Named Plaintiff has retained counsel experienced in complex wage and hour class and collective action litigation.

18. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy. The Named Plaintiff and putative class lack the financial

resources to adequately prosecute separate lawsuits against Defendant. A collective action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to the Defendant's policies.

## FACTS

19. Beginning in or about April 2014, Defendant employed numerous individuals, including the Named Plaintiff, in furtherance of their mortgage lending business who were engaged to travel to various mobile and/or modular homes which Defendant held a mortgage interest in, and which had delinquent mortgage payments.

20. The Named Plaintiff and other similarly situated individuals were assigned a geographic region, and within that region they were responsible for visiting homes with delinquent mortgages. Their duties upon visiting these homes including inspecting the state of the property and any buildings on it; climbing ladders to enter homes sometimes; crawling underneath homes to check water connections; locking the doors of abandoned properties; photographing the properties and transmitting those photographs and reports to Defendant's collections and repossession employees in its offices; and collecting payments from borrowers delinquent on their mortgage loans.

21. Defendant further employed individuals engaged in collections and repossession duties Defendant's offices. These individuals worked with Named Plaintiff and other Field Representative and/or Field Collection Specialists, or others who have performed work similar to that of the Named Plaintiff under other job titles, throughout the company to carry out the collections and repossession activities of the Defendant, including receiving and processing reports received from Named plaintiff and other Field Representative and/or Field Collection

Specialists, or others who have performed work similar to that of the Named Plaintiff under other job titles.

22. Upon information and belief, under 29 U.S.C. § 201, *et seq.*, and the cases interpreting same, Defendant constitutes an "enterprise engaged in commerce."

23. Upon information and belief, Defendants' gross yearly revenues are in excess of $500,000.00.

24. Upon information and belief, Named Plaintiff and others similarly situated constitute or constituted "employees," as that term is defined under 29 U.S.C. § 203(e), New York Labor Law § 651, and case law interpreting the same.

25. The payments made to Named Plaintiff by Defendant constitute "wages," as that term is defined under New York Labor Law § 651.

26. Defendant operates a mortgage lending business for purchasers and owners of mobile and modular homes.

27. Defendant have operations in New York, Delaware, Kentucky, Maine, Maryland, New Jersey, Ohio, and Pennsylvania.

28. While working for Defendant, Named Plaintiff and others similarly situated were regularly required to perform work for Defendant, without receiving proper overtime compensation as required under Federal and State law.

29. While working for Defendant, Named Plaintiff was not provided with wage notices and wage statements in Plaintiff's primary language, as required by applicable New York State law.

30. While working for Defendant, the Named Plaintiff was not provided with "spread

of hours" compensation as required by applicable New York State law.

31. Named Plaintiff Susan Parrillo worked for Defendant as a Field Representative or Field Collection Specialist between 1996 and March of 2020.

32. Between April of 2014 and March 2020, Ms. Parrillo was paid a flat salary of approximately $27,000 per year.

33. As part of her job duties for Defendant, Named Plaintiff was required to drive approximately 500 to 900 miles per week. Named Plaintiff was provided with a credit card to use for gas, in addition to a $20 per pay period payment for a company car.

34. Named Plaintiff's job duties consisted of travelling to properties with delinquent mortgage loans; inspecting the state of the property and any buildings on it; locking the doors of abandoned properties; photographing the properties and transmitting those photographs to Defendant's central offices; and collecting payments from borrowers delinquent on their mortgage loans.

35. Named Plaintiff worked for Defendants approximately 50 to 60 hours per week, each week, depending upon the locations of the specific properties which she was assigned to go to each week.

36. Named Plaintiff's assigned geographic territory in New York consisted of Western New York, Central New York, the Southern Tier and the North Country.

37. Upon information and belief, other similarly situated individuals employed by Defendant to carry out its collections and repossession activities were assigned similar job duties with similar pay structures for differing geographic territories within Defendant's states of operations of New York, Delaware, Kentucky, Maine, Maryland, New Jersey, Ohio, and

Pennsylvania, or were assigned collection and repossession duties within one of Defendant's offices.

38. Upon information and belief, Defendant failed to properly document and record the actual number of weekly hours Named Plaintiff and others similarly situated worked and their wages paid.

39. Defendant failed to provide Named Plaintiff with annual wage notices, including information such as the rate of pay and any allowances claimed as part of the minimum wage.

40. Named Plaintiff regularly worked more than 10 hours in a given day.

41. Defendant failed to provide Named Plaintiff with "spread of hours" compensation for days in which she worked more than 10 hours in a given day

42. Throughout Named Plaintiff's employment, Defendant failed to provide Named Plaintiff with an accurate wage statement with every payment of wages, containing information such as dates of work, rates of pay for regular and overtime hours, and number of regular hours and overtime hours worked.

**FIRST CAUSE OF ACTION AGAINST DEFENDANTS ON BEHALF OF THE NAMED PLAINTIFF AND OTHER MEMBERS OF THE PUTATIVE COLLECTIVE:
<u>FLSA OVERTIME COMPENSATION</u>**

43. The Named Plaintiff repeats and re-alleges the allegations set forth in the previous paragraphs hereof.

44. Pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 207, "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

45. Further, pursuant to 29 U.S.C. § 203(d), an "employer" includes "any person

acting directly or indirectly in the interest of an employer . . . ."

46. Named Plaintiff and other members of the putative class are employees, within the meaning contemplated in Fair Labor Standards Act ("FLSA"), 29 U.S.C. §203(e).

47. Defendants constitute "employers" within the meaning contemplated in the FLSA, 29 U.S.C. § 203(d) and consequently, are liable for violations of the FLSA. § 203(d).

48. Defendants failed to pay the Named Plaintiff and other members of the putative class all earned overtime wages, at the rate of one and one half times the regular rate of pay, for the time in which they worked after the first 40 hours in any given week.

49. Upon information and belief, the failure of Defendants to pay the Named Plaintiffs and other members of the putative class their rightfully owed overtime compensation was willful.

50. By the foregoing reasons, Defendants are liable to the Named Plaintiffs and other members of the putative class in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

**SECOND CAUSE OF ACTION AGAINST DEFENDANT ON BEHALF OF THE NAMED PLAINTIFF INDIVIDUALLY:
<u>NEW YORK STATE OVERTIME COMPENSATION</u>**

51. The Named Plaintiffs repeat and re-allege the allegations set forth in the previous paragraphs hereof.

52. Pursuant to Articles 6 and 19 of the New York Labor Law, workers, such as the Named Plaintiff, are protected from wage underpayments and improper employment practices.

53. Title 12 NYCRR § 146-1.4 requires that "[a]n employer shall pay an employee for overtime at a wage rate of 1 1/2 times the employee's regular rate for hours worked in excess

of 40 hours in one workweek…."

54. Pursuant to New York Labor Law § 651, the term "employee" means "any individual employed or permitted to work by an employer in any occupation."

55. As a person employed for hire by Defendants, the Named Plaintiff is an "employees," as understood in Labor Law § 651 and case law interpreting the same.

56. Defendants are "employers" within the meaning of § 651.

57. Upon information and belief, pursuant to New York Labor Law §§ 190 *et seq.*, 650 *et seq.*, and the cases interpreting same, Defendants are "employers."

58. The Named Plaintiff worked more than forty hours per week while working for Defendants.

59. The Named Plaintiff did not receive the New York statutory overtime compensation for all hours worked after the first forty hours of work in a week.

60. Consequently, by failing to pay to the Named Plaintiff overtime compensation, Defendants violated New York Labor Law §§ 650 *et seq.*, and 663; and 12 NYCRR § 146-1.4.

61. Upon information and belief, Defendants' failure to pay the Named Plaintiff overtime compensation was willful.

62. By the foregoing reasons, Defendants have violated New York Labor Law §§ 650 *et seq.* and 663; and 12 NYCRR § 146-1.4, and are liable to the Named Plaintiff in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees, and costs.

### THIRD CAUSE OF ACTION AGAINST DEFENDANT ON BEHALF OF THE NAMED PLAINTIFF INDIVIDUALLY: <u>NEW YORK STATE SPREAD OF HOURS COMPENSATION</u>

63. The Named Plaintiff repeats and re-alleges the allegations set forth in the

preceding paragraphs hereof.

64. Title 12 NYCRR §146.16(a) requires that, "[o]n each day on which the spread of hours exceeds 10, an employee shall receive one additional hour of pay at the basic minimum hourly rate."

65. The Named Plaintiff worked more than 10 hours in a day.

66. Defendants did not pay the Named Plaintiff an additional hour's pay when she worked more than 10 hours in a day.

67. Consequently, by failing to pay to the Named Plaintiff an additional hour's pay when she worked more than 10 hours in a day, Defendants violated 12 NYCRR § 146-1.6(a).

68. Defendants' failure to pay "spread of hours" compensation for work performed by the Named Plaintiff after 10 hours in a day was willful.

**69.** By the foregoing reasons, Defendants have violated 12 NYCRR § 146-1.6(a), and are liable to the Named Plaintiff in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

### FOURTH CAUSE OF ACTION AGAINST DEFENDANTS ON BEHALF OF THE NAMED PLAINTIFF INDIVIDUALLY: NYLL NOTICE AND RECORD KEEPING REQUIREMENTS

70. The Named Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs hereof.

71. Defendants failed to provide the Named Plaintiff with a wage notice in Plaintiffs' primary language, English, on or before February first of each year of Plaintiff's employment containing information outlined in NYLL § 195(1), including information such as the rate of pay, any allowances claimed as part of the minimum wage.

72.     Defendants failed to provide the Named Plaintiff with a wage statement with every payment of wages containing information outlined in NYLL § 195(3), including information such as the rate of pay, basis of pay, gross wages, and any allowances claimed as part of the minimum wage.

73.     As a result of Defendants' violations of NYLL § 195(1) and (3), the Named Plaintiff may recover damages of fifty dollars (50) for each work week Defendants failed to provide Plaintiffs with a wage notice, and damages of one hundred (100) dollars for each work week Defendants failed to provide Plaintiffs with a wage statement, not to exceed a total of twenty-five hundred (2,500) dollars for each violation, together with costs and reasonable attorney's fees in accordance with NYLL § 198.

**WHEREFORE**, Named Plaintiff and the members of the putative class demand judgment:

(1)     on their first cause of action against Defendant Tammac in an amount to be determined at trail, plus interest, costs and attorneys' fees;

(2)     on their second cause of action against Defendant Tammac in an amount to be determined at trail, plus interest, costs and attorneys' fees;

(3)     on their third cause of action against Defendant Tammac in an amount to be determined at trail, plus interest, costs and attorneys' fees;

(4)     on their fourth cause of action against Defendant Tammac in an amount to be determined at trail, plus interest, costs and attorneys' fees; and

(2)     such other and further relief as to the Court may deem just and proper.

Dated:  New York, New York

May 26, 2020

        _____/s_____
        Frank S. Gattuso
        **GATTUSO & CIOTOLI, PLLC**
        7030 E. Genesee Street
        Fayetteville, New York 13066
        (315) 314-8000


        VIRGINIA & AMBINDER, LLP

        James Emmet Murphy, Esq.
        **VIRGINIA & AMBINDER, LLP**
        40 Broad Street -- 7th Floor
        New York, N.Y. 10004
        (212) 943-9080

        *Attorneys for Plaintiffs and the Putative Collective*